UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

|  |  |  |
|---|---|---|
| Fraserside IP, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
|  | ) | |
| Netvertising Ltd, d/b/a HardXXXTube.com, | ) | Docket No. 11-cv-03034-MWB |
| WhoIsGuard, d/b/a HardXXXTube.com, | ) | |
| Richard Szeles and Laslo Racz, John Does | ) | |
| 1-100 and John Doe Companies 1-100, | ) | |
| Defendants. | ) | |
|  | ) | |

**DEFENDANTS NETVERTISING LTD, D/B/A HARDXXXTUBE.COM,
RICHARD SZELES, AND LASLO RACZ' MEMORANDUM OF LAW
<u>IN SUPPORT OF MOTION TO DISMISS</u>**

**Table of Contents**

**Introduction**................................................................................................................ 1
**Facts**........................................................................................................................... 2
       **The Parties and Interested Parties**................................................................ 2
            A.     Fraserside IP
            B.     Fraserside Holdings
            C.     Private Media Group
            D.     The Defendants

**Argument**.................................................................................................................. 4

     I.     **The Complaint Must Be Dismissed Because the Defendants are
           Not Subject To Personal Jurisdiction In Iowa**............................... 4

     II.    **Personal Jurisdiction Cannot Properly Be Premised on
           Fed. R. Civ. P. 4(k)(2)**...........................................................................12

     **Conclusion**.................................................................................................... 15

*"...Resolution of the issue of personal jurisdiction over [the Defendant] is not written in grey but solid black. Because [the Defendant] does not have sufficient 'minimum contacts' with Iowa, the maintenance of this lawsuit would offend 'traditional notions of fair play and substantial justice.'"*

- The Hon. Mark W. Bennett, writing in
*Fraserside IP, LLC v. Hammy Media, Ltd.*

## Introduction

In another pair of cases,[1] Plaintiff Fraserside IP, LLC ("Fraserside IP") again attempts to assert personal jurisdiction against a group of foreign defendants, none of whom have even the remotest of connections to this forum. Instead, Fraserside IP, a wholly-owned subsidiary of Fraserside Holdings, Ltd., a Cyprus-based company which is itself without any legitimate connection to Iowa, has brought the present action against Netvertising, Ltd., a Hungarian company, and two individuals – Richard Szeles and Laslo Racz – both of whom also reside in Hungary. (Netvertising, Ltd. and Messrs. Szeles and Racz are referred to, collectively, as the "Defendants.") None of the Defendants have any connection whatsoever to this forum.[2] Other than Fraserside IP itself – an entity apparently created solely to manufacture jurisdiction in Iowa – the parties (and real parties in interest) lack any tie to Iowa.

Accordingly, pursuant to Fed. R. Civ. P. 12(b)(2), Fraserside IP's Complaint should be dismissed in its entirety. In further support of this memorandum, the Defendants state as follows.

---

[1] Fraserside has brought a second action against the same defendants, *Fraserside IP, LLC v. Netvertising, LLC, et al*, Docket No. 11-CV-03034. A similar motion to dismiss is being filed in that case as well.
[2] Fraserside IP has also continued its practice in this case of naming as a defendant the person or entity listed as the administrative contact on a website's WHOIS listing, as opposed to the actual owner of the website. (*See, e.g.,* dismissal of WhoIsGuard in *Fraserside IP. v. Hammy Media, Ltd.*). WhoIsGuard is not properly a defendant in this action.

1

**Facts**

The following facts – derived from the allegations in Fraserside IP's Complaint and from public records[3] – are accepted as true for the purposes of this motion:

The Parties and Interested Parties

    A.    **Fraserside IP**

The Plaintiff, Fraserside IP, is a wholly owned subsidiary of Fraserside Holdings, Ltd. ("Fraserside Holdings"), a Cyprus-based company. *See* Fraserside's Disclosure Statement, Docket No. 6, p. 1.

Fraserside IP appears to have been created for the sole purpose of judicial forum shopping. Indeed, since its inception in late 2010, Fraserside IP has filed <u>seventeen</u> different cases in this Court. (*Fraserside IP LLC v. Slutload, et al.*, 10-cv-03066-MWB; *Fraserside IP LLC v. Youngtek Solutions Ltd, et al.*, 11-cv-03005-MWB; *Fraserside IP LLC v. IG Media Inc.*, 11-cv-03015-MWB; *Fraserside IP LLC v. Gens*, 3:11-cv-03019-MWB; *Fraserside IP LLC v. Gens*, 11-cv-03022-MWB; *Fraserside IP LLC v. WhoIsGuard, et al.*, 11-cv-03025-MWB; *Fraserside IP LLC v. Faragalla, et al.,* 11-cv-03032-MWB; *Fraserside IP LLC v. Netvertising Ltd, et al.*, 3:11-cv-03033-MWB; *Fraserside IP LLC v. Netvertising Ltd, et al.,* 11-cv-03034-

---

[3] Although a Court generally cannot look at materials outside of the Complaint in considering a Motion to Dismiss, it is well established in the Eight Circuit that the Court is permitted to consider, among other things, public records, court documents, governmental records, and documents which form the basis of the Plaintiff's Complaint, even if the Plaintiff has failed to attach such documents to the Complaint. *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 983 (8th Cir. 2008)(" the district court is limited to the materials properly before it on a motion to dismiss, which may include public records and materials embraced by the complaint"); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)(at the 12(b)(6) stage, the court may consider both "materials that are part of the public record" and "materials that are necessarily embraced by the complaint"); *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007)("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss"); *Rakes v. Life Investors Ins. Co. of Am.*, 2007 U.S. Dist. LEXIS 52719, *8-9 (N.D. Iowa 2007)("A plaintiff is under no obligation to attach to her complaint documents upon which her action is based, but a defendant may introduce certain pertinent documents if the plaintiff failed to do so.") *See also Sioux Biochemical, Inc. v. Cargill, Inc.,* 410 F. Supp. 2d 785, 790-791 (N.D. Iowa 2005); *Florida State Bd. of Admin. v. Green Tree Fin. Corp.,* 270 F.3d 645, 663 (8th Cir. 2001); *Catholic Order v. U.S. Bancorp Piper Jaffray, Inc.,* 337 F. Supp. 2d 1148, 1159-1160 (N.D. Iowa 2004). In this Circuit, considering such materials does not convert a motion to dismiss into a motion for summary judgment. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

MWB; *Fraserside IP LLC v. Kovalchuk*, 11-cv-03040-MWB, *Fraserside IP LLC v. Letyagin*, 11-cv-03041-MWB; *Fraserside IP LLC v. Olivero*, 11-cv-03042-MWB; *Fraserside IP LLC v. Waterweg,* 11-cv-03043-MWB; *Fraserside IP LLC v. Miller*, 11-cv-03047-MWB; *Fraserside IP LLC v. Contact Privacy*, 11-cv-03048-MWB; *Fraserside IP LLC v. WhoIsGuard d/b/a PornerBros.com,* 11-cv-03056-MWB; and *Fraserside IP, LLC v. PornoXO,* 11-cv-03065-MWB.)

*Not a single defendant in any of these actions is located in Iowa.*

### B. Fraserside Holdings

Fraserside Holdings, the Cyprus-based company, is itself a wholly owned subsidiary of Private Media Group, Inc., a publicly traded company incorporated in Nevada. Although the Complaint pretends that Fraserside IP is the same as Fraserside Holdings and Private Media, in truth, each of these companies is a separate legal entity.

### C. Private Media Group

Private Media Group, Inc. is a publicly-traded company, incorporated in the state of Nevada. Private Media Group, Inc. is a shareholder of Fraserside Holdings Limited.

### D. The Defendants

Netvertising, Ltd. is a Hungarian Company. *See* Complaint, ¶2; Szeles Affidavit, attached hereto as Exhibit 1; and Racz Affidavit, attached hereto as Exhibit 2. Mr. Szeles is a Hungarian resident and a shareholder in Netvertising. *See* Szeles Affidavit. Mr. Racz is a Hungarian resident without any ownership interest in Netvertising. *See* Racz Affidavit.[4]

None of the Defendants are located in Iowa; none of the Defendants have ever had a telephone number in Iowa; none of the Defendants have ever had an office in Iowa; none of the

---

[4] Consideration of affidavits is appropriate in the context of a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). *See Armstrong v. Am. Pallet Leasing Inc.,* 2009 U.S. Dist. LEXIS 77138 (N.D. Iowa 2009); *Med-Tec, Inc. v. Kostich*, 980 F. Supp. 1315, 1319 (N.D. Iowa 1997).

Defendants have employees in Iowa; none of the Defendants have ever had an agent for service of process in Iowa; none of the Defendants have ever advertised in Iowa; none of the Defendants have ever maintained servers in Iowa; none of the Defendants pay taxes in Iowa; and none of the Defendants have ever visited Iowa. *See* Szeles Affidavit; and Racz Affidavit.

In addition, none of the Defendants are located in the United States; none of the Defendants have ever had a telephone number in the United States; none of the Defendants have ever had an office in the United States; none of the Defendants have employees in the United States; none of the Defendants have ever had an agent for service of process in the United States; none of the Defendants have ever advertised in the United States; none of the Defendants pay taxes in the United States; and none of the Defendants have ever maintained servers in the United States. *See* Szeles Affidavit and Racz Affidavit. Mr. Racz has never visited the United States. Racz Affidavit. Mr. Szeles visited the United States only once, for a week, on a personal vacation unrelated to the business of Netvertising. Szeles Affidavit.

## Argument

I. The Complaint Must Be Dismissed Because None of the Defendants Are Subject To Personal Jurisdiction in Iowa.

In its complaint, Fraserside IP cites – as the basis for personal jurisdiction over the Defendants - 28 U.S.C. § 1391. *See* Complaint, ¶4. Section 1391, of course, has nothing to do with personal jurisdiction, or jurisdiction at all, but rather is the federal venue statute. Fraserside IP's pleading deficiencies, however, go much further than a technical inability to cite to the correct authority: substantively, Fraserside IP has failed to articulate *any* factual or legal basis for the exercise of personal jurisdiction over any of the Defendants.[5]

---

[5] This court has already dismissed three near-identical cases brought by this same Plaintiff, on the same grounds advanced here. *Fraserside IP L.L.C. v. Kovalchuk*, 2012 U.S. Dist. LEXIS 28704 (N.D. Iowa Mar. 5, 2012);

4

Presumably, Fraserside IP intended to argue that jurisdiction over the Defendants could be premised on Iowa's long arm statute. *See* Iowa Code § 617.3 and Iowa Rule of Civil Procedure 56.2. The Court "'may assume jurisdiction over a foreign defendant only to the extent permitted by the forum state's long-arm statute and by the Due Process Clause of the Constitution." *Fraserside IP L.L.C. v. Hammy Media, Ltd.*, C11-3025-MWB, 2012 WL 124378 at *3 (N.D. Iowa Jan. 17, 2012) (hereinafter *Hammy Media*) (quoting *Dakota Indus., Inc. v. Ever Best Ltd.*, 28 F.3d 910, 915 (8th Cir. 1994)). Because Iowa's long arm statute extends jurisdiction to the limits of due process allowed by the United States Constitution, "the inquiry collapses into the single question of whether exercise of personal jurisdiction comports with due process." *Bell Paper Box, Inc. v. U.S. Kids, Inc. (Bell Paper I*), 22 F.3d 816, 818 (8th Cir. 1994).

The Due Process Clause requires "minimum contacts" between the nonresident defendant and the forum state before the court may exercise jurisdiction over the defendant. *Coen v. Coen*, 509 F.3d 900, 905 (8th Cir. 2007) *citing World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). This Circuit and this Court employ a five-part test for measuring minimum contacts: (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Hammy Media*, at *4 (citing *Coen*, 509 F.3d at 905). Factors one through three are primary. *Id.* "With respect to the third factor, we distinguish between specific jurisdiction and general jurisdiction. 'Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state,' while '[g]eneral jurisdiction . . . refers to the power of a state to

---

*Fraserside IP L.L.C. v. Waterweg*, 2012 U.S. Dist. LEXIS 23740 (N.D. Iowa Feb. 24, 2012); *Fraserside IP L.L.C. v. Hammy Media, Ltd.*, C11-3025-MWB, 2012 WL 124378 (N.D. Iowa Jan. 17, 2012).

5

adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.'"[6] *Coen*, 509 F.3d at 905 (citations omitted).

Given the complete absence of facts alleged in the complaint upon which personal jurisdiction might be premised over the Defendants, they are left to guess as to the basis for jurisdiction over them. Presumably, with respect to Netvertising, Fraserside IP is arguing that the operation of the HardXXXTube.com website – a website which is equally accessible anywhere in the free world – is a sufficient basis upon which jurisdiction may be based. Assuming that this is indeed Fraserside IP's argument, it must fail.

In analyzing whether specific jurisdiction can be based on the defendant having operated a website, the Eighth Circuit starts with the analytical framework laid out in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). *See Hammy Media*, at *5. In *Zippo*, the Court outlined a sliding scale whereby the Court would determine if a website was passive, interactive, or one which involved entering into contracts and the repeated and knowing transmission of computer files into the foreign jurisdiction. *Zippo*, at 1124. *See also Lakin v. Prudential Securities, Co.*, 348 F.3d 704, 710-12 (8th Cir. 2003); *Principal Financial Services, Inc. v. Big Finance and Insurance Services, Inc.*, 451 F. Supp. 2d 1046, 1056 (2006); *Lindgregn v. GDT, LLC*, 312 F. Supp. 2d 1125, 1130 (S.D. Iowa 2004).

In the Eighth Circuit, however, the Zippo test is but a starting point and the Court must also consider, "(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing its residents a forum; and (5) the convenience of the

---

[6] Given that the Defendants have no offices or employees in Iowa, own no property in Iowa, have no telephone number, pay no taxes, maintain no servers, and have no agent for service of process in Iowa, there can be no argument that any of them have the requisite "continuous and systematic" contacts with Iowa necessary to assert general jurisdiction. *See*, *e.g.*, *Johnson v. American Leather Specialties, Corp.*, 565 F. Supp. 2d 1015 (N.D. Iowa 2008).

parties." *Hammy Media*, at *9 (citing *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592 (8th Cir. 2011)). *See also Lindgregn*, 312 F. Supp. 2d at 1130 (a court must consider "at a minimum… the nature and quality of the contacts and… their relation to the cause of action."). Regardless of whether the website is interactive or not, the *Lindgregn* Court emphasized "that personal jurisdiction requires 'purposeful conduct directed at the state.'" *Id.* at 1131 (quoting *ALS Scan, Inc. v. Digital Serv. Consult. Inc.,* 293 F.3d 707, 712-713 (4th Cir. 2002)). *See also Dryspace, Inc. v. Crawlspace Concepts, LLC,* 2011 U.S. Dist. 31007 (N.D. Iowa 2011).

In rejecting the Plaintiff's argument that jurisdiction could be based solely on the defendant's website, the *Lindgregn* Court stated that "while GDT's Web site is both commercial and interactive, the site is arguably no more directed at Iowa than at Uzbekistan." *Lindgregn,* 312 F. Supp. 2d at 1132. "The fact that someone who accesses defendants' Web site can purchase a Jean Jewel, does not render defendants' actions purposefully directed at this forum. …There is no evidence that GDT took any purposeful action towards Iowa – it did not direct any paid advertising to Iowa or solicit Iowa residents to visit its Web site. It merely processed the orders from Iowa customers who visited its site. Merely entering into a contract with a forum resident does not provide the requisite contacts between a nonresident defendant and the forum state." *Id*. (internal citations and quotation marks omitted).

Similarly, in *Viasystems, Inc. v. EBM-PAPST St. Georgen GmbH & Co.*, 2010 U.S. Dist. LEXIS 57871 (E.D. Miss. 2010), the court applied *Zippo*, as interpreted by the Eighth Circuit and concluded that the defendants' maintenance of its website – which was accessible by residents of Mississippi – could not support a finding of personal jurisdiction over the nonresident defendant no matter how many Missouri residents visited the website because the website did not allow visitors to make direct purchases, but rather redirected them to another

7

website. *Id.* at *18 ("The Court therefore concludes that EBM is not carrying out 'systematic or continuous' business in Missouri through its website because the website (1) does not allow Missouri customers to enter into transactions with EBM, (2) does not contain any information targeted specifically at potential Missouri customers, as differentiated from potential U.S. customers generally, and (3) directs those potential Missouri customers who do wish to purchase EBM products to EBM's United States affiliate, which in turn directs them to local distributors.") *See, also, P.S. Prods. v. Alibaba.com Inc.*, 2011 U.S. Dist. LEXIS 25948 (E.D. Ark. Mar. 10, 2011) (rejecting personal jurisdiction based on the defendant's website because the website did not directly enter into commercial transactions, but rather was simply a "portal that receives a fee for any purchase transacted as a result of the listing on the Website"); *David White Instruments, LLC. v. TLZ, Inc.*, 2003 U.S. Dist. LEXIS 8375 (N.D. Ill. May 14, 2003) (rejecting personal jurisdiction where "visitors of robotoolz.com cannot purchase the allegedly infringing products from Toolz's website. Rather, consumers who wish to purchase an allegedly infringing product must visit an unaffiliated website, internationaltool.com.").

In the present case, the Plaintiff's complaint fails in the entirety. The mere existence of the HardXXXTube website cannot personal jurisdiction over Netvertising. Although the website may have a certain level of interactivity (inasmuch as users can view or post videos), ***the website does not enter into any kind of commercial transaction with any of its users – in Iowa or anywhere else***. Szeles Affidavit; Racz Affidavit. Nor does the Complaint contain an allegation that *any* resident of Iowa either viewed or downloaded Fraserside IP's intellectual property (assuming that it has any) at the HardXXXTube.com website. Indeed, the Complaint does not even allege how many – if any – Iowa residents have visited the HardXXXTube website. And, perhaps most importantly, the Complaint contains no allegation that Netvertising has somehow

8

directed the site at the citizens of Iowa. Such glaring omissions are fatal to an assertion of jurisdiction over the Defendants. *See Hammy Media*, at *9.

If it were possible, the Complaint alleges even *less* with respect to the individual defendants, Messrs. Sezeles and Racz.[7] Neither has ever, in their individual capacity, owned or operated the HardXXXTube website,[8] nor do they have even the remotest connection to the state. Indeed, neither Mr. Sezeles nor Mr. Racz has ever visited Iowa.

Nor can personal jurisdiction be premised against the Defendants based on the allegation that infringement of Fraserside IP's intellectual property (assuming that it has any) would cause injury in Iowa. *Amerus Group Co. v. Ameris Bancorp.*, 2006 U.S. Dist. 32722 (S.D. Iowa 2006) (in answering "the question of whether, standing alone, the 'effects' of a tortious act can subject a defendant to personal jurisdiction in a forum where no other contacts exist. This Court holds it cannot. …*Calder*[9] did not carve out a special intentional torts exception to the traditional specific jurisdiction analysis, so that a plaintiff could always sue in his or her home state.") *See also Dryspace, Inc. v. Crawlspace Concepts, LLC,* 2011 U.S. Dist. 31007 (N.D. Iowa 2011) ("Although the Court accepts as true Plaintiff's allegations that Defendant intentionally infringed Plaintiff's registered trademark, this allegation alone fails to show how Defendant uniquely or expressly aimed its tortious acts at Iowa. …Thus, Plaintiff has failed to demonstrate that Defendant's acts were performed for the very purpose of having their consequences felt in the forum state") (internal quotation marks and citations omitted); *Lindgregn v. GDT, LLC*, 312 F. Supp. 2d 1125, 1130 (S.D. Iowa 2004) (in holding that personal jurisdiction could not be based

---

[7] The Complaint makes no allegations as to these two individuals other than to generically say that all of the Defendants acted together. The Complaint makes no attempt to allege any wrongful actions taken by the individuals, nor does it make any attempt to pierce the corporate veil.
[8] Although Mr. Szeles is a shareholder in Netvertising, Fraserside IP has alleged no facts which would subject Mr. Szeles to individual liability. Mr. Racz has no ownership interest in Netvertising.
[9] *Calder v. Jones*, 465 U.S. 783 (1984).

on the defendants' website, which the plaintiff alleged violated the plaintiff's copyrights, causing harm in Iowa, the Court noted that "the Eight Circuit clearly has refused to abandon the traditional minimum contacts test when relying on *Calder*. …although the defendants' alleged harmful activities may have harmed the plaintiff in Iowa, absent additional contacts, this effect alone was not sufficient to bestow personal jurisdiction in Iowa.").

Nor has Fraserside IP alleged that any of the Defendants have taken actions which were "uniquely or expressly aimed at" Iowa, that the brunt of the harm was suffered in Iowa, or that any of them knew that the brunt of the harm would be suffered in Iowa. *See Hammy Media*, at \*8 (allegations of intentional infringement "fail to demonstrate that [website] 'uniquely or expressly aimed' its tortious acts at Iowa." (quoting *Johnson v. Arden*, 614 F.3d 785, 796 (8th Cir. 2010))). The HardXXXTube website is no more "aimed at Iowa" than it is aimed at New York, Madrid, Hong Kong, or any other place in the world where the internet is available. *Id.* at \*8 (holding that even if a "website is both commercial and interactive … such a website 'is arguably no more directed at Iowa than at Uzbekistan.'" (quoting *Lindgregn,* 312 F. Supp. 2d at 1131)). *Most importantly, it would have been impossible for the Defendants to have suspected that any harm (much less the brunt of it) would be felt in Iowa, given that – at the time of the alleged infringement – all of the copyrights and trademarks at issue were registered not to Fraserside IP, but rather Fraserside Holdings, Ltd. (a Cyprus Corporation), Milcap Media, Ltd. (a Cyprus Corporation), and Cine Craft, Ltd. (a UK Corporation).[10]*

And, indeed, under Eighth Circuit precedent, even if Fraserside IP could prove that the Defendants knew that the brunt of the effects would be felt in Iowa (which it clearly cannot), such "effects" would be insufficient without more to establish jurisdiction over them. *Zuffa, LLC*

---

[10] Indeed, the purported transfer of copyrights was not recorded with the copyright office until four months after the present action was filed. *See* Exhibit 3.

10

*v. Showtime Networks, Inc.*, 2007 U.S. Dist. LEXIS 60711 (D. Nev. 2007) (knowledge that copyright holder was located within the jurisdiction "by itself fails to establish that Showtime and ProElite individually targeted Plaintiff"); *Amerus Group Co. v. Ameris Bancorp*, 2006 U.S. Dist. LEXIS 32722 (S.D. 2006) (discussing whether, under Eighth Circuit precedent, "standing alone, the 'effects' of a tortious act can subject a defendant to personal jurisdiction in a forum where no other contacts exist. This Court holds it cannot"); *Principal Fin. Servs. v. Big Fin. & Ins. Servs.*, 451 F. Supp. 2d 1046, 1059-1061 (S.D. Iowa 2006) ("Given the complete absence of any substantial connection between Big Finance and the state of Iowa, the Court cannot exercise jurisdiction solely because the effects of the alleged injury may be most strongly felt in Iowa"); *Express Scripts, Inc. v. Care Continuum Alliance, Inc.*, 2011 U.S. Dist. LEXIS 61157, *12 (D. Miss. 2011) ("Even if plaintiffs adduced evidence that Care Continuum knew Express Scripts owned the mark and resided in Missouri, this fact alone this would be insufficient to confer personal jurisdiction under Calder; because there is no evidence that Care Continuum ever targeted this state or had any other contacts with it.").[11]

Finally, even if this Court could somehow exercise personal jurisdiction over the Defendants, it should decline to do so for reasons of forum non conveniens. It is inconceivable why this Court would want to entertain an action which is, in reality, between three European entities (Fraserside Holdings, Cinecraft Limited, and Netvertising) and two Hungarian residents,

---

[11] The Express Scripts case is particularly on point. There, the two Plaintiffs were a Missouri-based parent company (Express Scripts) and its wholly-owned subsidiary (CuraScript), which owned the trademarks in question. Although CuraScript was not itself headquartered in Missouri, it maintained a place of business in Missouri, had senior corporate officers located in Missouri, and conducted administrative activities in Missouri. Id. at *10. Nevertheless, the Court rejected jurisdiction in Missouri based on Eighth Circuit precedent, holding that – even though CuraScript maintained a presence in Missouri – such evidence was "insufficient for me to conclude that CuraScript will feel the effects of any mark infringement here. Its contacts are simply too limited." The Court went on to hold that "the Eighth Circuit has narrowly construed the Calder effects test, holding that 'mere effects in the forum state are insufficient to confer personal jurisdiction.'" Id. at *10-11, citing Johnson, supra. "Instead, plaintiff must present some evidence that defendants had other contacts with the forum state, and intentionally aimed their tortious activities to that state for the very purpose that their effects would be felt in that state. ...Here, there is no evidence that Care Continuum directly targeted any alleged mark infringement at Missouri, knowing the brunt of the infringement would be felt here." Id. at 12.

11

simply because the Plaintiff has set up a front company in Iowa for the sole purpose of making the Northern District of Iowa the hub for pornography-related copyright claims. Because there can be no personal jurisdiction over the Defendants, the present action must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

> II. Personal Jurisdiction Cannot Properly Be Premised on Fed. R. Civ. P. 4(k)(2)

Although not actually alleged in Fraserside IP's complaint, based on Fraserside IP's recent attempts to assert jurisdiction over non-resident defendants in other cases pending before this Court pursuant to Fed. R. Civ. P. 4(k)(2), the Defendants assume that Fraserside IP may make similar arguments here. Even if it does, however, such arguments will prove unavailing.[12]

In order to base jurisdiction on Rule 4(k)(2), Fraserside IP was required to allege *both* that "(A) the defendant is not subject to any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2); Ackerman v. Global Vehicles U.S.A., Inc., 2012 U.S. Dist. LEXIS 26816, 14-15 (E.D. Mo. 2012); Precision Assocs. v. Panalpina World Transp., 2011 U.S. Dist. LEXIS 51330, 151-154 (E.D.N.Y. 2011)("the plaintiff has the burden of making out a prima facie case of all the elements of Rule 4(k)(2), including a certification that 'based on the information that is readily available to the plaintiff and his counsel, the defendant is not subject to suit in the courts of general jurisdiction of any state.'")

Here, Fraserside IP has failed to meet either prong of the Rule 4(k)(2) test. First, the Plaintiff has failed to allege or prove that the Defendants are not subject to jurisdiction anywhere in the United States. This alone is sufficient to defeat the Plaintiff's claim of jurisdiction under the Rule. Ackerman, supra ("Here, Plaintiffs' argument fails because Plaintiffs do not allege,

---

[12] It should be noted that "since Rule 4(k)(2) was enacted," there have been scant few cases in which any circuit court has concluded that Rule 4(k)(2) conferred jurisdiction over a foreign defendant. Liberty Media Holdings, LLC v. Vinigay.com, 2011 U.S. Dist. LEXIS 153615, 37-38 (D. Ariz. 2011).

12

much less satisfy their burden to establish that Mahindra is not subject to any state's courts of general jurisdiction").

More to the point, Fraserside has not adduced any evidence which would prove sufficient minimum contacts as between the Defendants and the United States in general to permit an exercise of personal jurisdiction over the Defendant. Cepia, L.L.C. v. Alibaba Group Holding Ltd., 2011 U.S. Dist. LEXIS 129126, 19-20 (E.D. Mo. 2011) ("Due process analysis concerning jurisdiction under Rule 4(k)(2) must be focused on whether the 'defendant purposely directed its activities at residents of the forum, and whether litigation results from alleged injuries that arise out of, or relate to those activities.' Again, Plaintiff has not shown Alibaba Holding has purposely directed its activities at Missouri. ...Therefore, jurisdiction under Federal Rule of Civil Procedure 4(k)(2) is not proper in this case"); *1st Technology, LLC v. Digital Gaming Solutions, S.A.,* 2009 U.S. Dist. LEXIS 27786 (E.D. Mo. 2009)("the exercise of jurisdiction is consistent with the Constitution depends on whether the defendant has sufficient contacts with the United States as a whole to justify the exercise of personal jurisdiction under the Due Process Clause of the Fifth Amendment. ...Once again, the question of due process concerns whether the foreign defendant purposefully directed his activities at residents of the forum, and whether the litigation results from alleged injuries that arise out of, or relate to those activities"); *Renaissance Pen Company v. Krone, LLC*, 2006 U.S. Dist. LEXIS 21794 (E.D. Mo. 2006)("Here, the existence of jurisdiction is not consistent with the Constitution. Defendant does not have the minimum contacts with any state, nor the United States as a whole, required to satisfy personal jurisdiction.")

In the present case, the Defendants do not: own property in the United States; have employees in the United States; pay taxes in the United States; maintain a bank account in the

13

Case 3:11-cv-03034-MWB-LTS   Document 19-1   Filed 04/16/12   Page 14 of 17

United States; advertise in the United States; direct its websites at the United States; or maintain servers in the United States. Indeed, Mr. Racz has never even visited the United States and Mr. Szeles only ever once visited the United States and then only for a one week personal vacation.[13]

To overcome this wholesale lack of connection with the United States, Fraserside points only to the fact that the HardXXXTube website is accessible in the United States. As a matter of law, however, this argument is an insufficient basis for the assertion of jurisdiction over the Defendants. As this Court held in *Fraserside IP L.L.C. v. Hammy Media, LTD*, 2012 U.S. Dist. LEXIS 5359 (N.D. Iowa Jan. 17, 2012):

> Although xHamster's website is both commercial and interactive, as an Iowa district court noted in a case presenting similar facts, such a website "is arguably no more directed at Iowa than at Uzbekistan." *Lindgregn v. GDT, LLC*, 312 F. Supp. 2d 1125, 1131 (S.D. Iowa 2004). The district court concluded that because the website could be accessed anywhere, including Iowa, "its existence does not demonstrate an intent to purposefully target Iowa." *Id.*; *see ESAB Group, Inc. v. Centricut, L.L.C.,* 34 F. Supp. 2d 323, 331 (D.S.C. 1999) ("While it is true that anyone, anywhere could access Centricut's home page, including someone in South Carolina, it cannot be inferred from this fact alone that Centricut deliberately directed its efforts toward South Carolina residents."). Thus, I conclude that Fraserside has failed to demonstrate that xHamster's actions were "performed for the very purpose of having their consequences felt in the forum state." *Dakota Indus.,* 946 F.2d at 1390-91 (*quoting Brainerd*, 873 F.2d at 1260).[14]

*See also 1st Technology, LLC v. Digital Gaming Solutions, S.A.*, 2009 U.S. Dist. LEXIS 27786 (E.D. Mo. 2009)("the mere operation of a commercially interactive website should not subject

---

[13] It is well established that sporadic or occasional vacations (much less a single visit) are insufficient contacts with a forum to establish a basis for the Court to assert personal jurisdiction over a defendant. *Two Worlds United v. Zylstra*, 46 So. 3d 1175 (Fla. Dist. Ct. App. 2d Dist. 2010)(holding sporadic or occasional family vacations to Florida are "insufficient" to establish the minimum contacts necessary to meet the due process requirements for long-arm jurisdiction); *Hannan v. Maxim Integrated Prods.*, 2009 U.S. Dist. LEXIS 69966 (D. Or. 2009)(" Jasper's occasional vacations to Oregon are insufficient to establish general jurisdiction); *Davis & Cox v. Summa Corp*., 751 F.2d 1507, 1526 (9th Cir. 2001) *overruled on other grounds by* 28 U.S.C. § 1961 (2006)(occasional business or vacation trips cannot constitute "conducting business" within a state to support general jurisdiction); *Laxalt v. McClatchy*, 622 F. Supp. 737, 742 (D. Nev. 1985)(" The few vacations or personal trips that these individual defendants have made into Nevada do not constitute the level of activities which must exist for general jurisdiction to lie.")

[14] Although this Court's analysis was pursuant to Iowa's long arm statute and not Fed. R. Civ. P. 4(k)(2), the Due Process Clause portion of the analysis is, of course, identical. *See, e.g., 1st Technology, LLC v. Digital Gaming Solutions, S.A.*, 2009 U.S. Dist. LEXIS 27786 (E.D. Mo. 2009)(summarily rejecting Plaintiff's 4(k)(2) jurisdictional argument because the due process analyses were identical).

14

the operator to jurisdiction anywhere in the world")(collecting cases and finding also that advertising hyperlinks located on the website did not support jurisdiction even if the links directed users to websites run by entities within the jurisdiction).

Here, too, because the Defendants have alleged no contacts with the United States sufficient to support jurisdiction over them pursuant to Fed. R. Civ. P. 4(k)(2), the Defendants are entitled to judgment as a matter of law in their favor.

## Conclusion

For the reasons stated herein, the Defendants respectfully request that Fraserside IP's Complaint be dismissed in its entirety.

> Respectfully submitted,
> Netvertising Ltd., Richard Szeles, and
> Laslo Racz,
>
> By their attorneys,
>
> /s/Evan Fray-Witzer
> Evan Fray-Witzer, *pro hac vice*
> Ciampa Fray-Witzer, LLP
> 20 Park Plaza, Suite 804
> Boston, MA 02116
> (617) 723-5630
> Evan@CFWLegal.com
>
> /s/Valentin Gurvits
> Valentin Gurvits, *pro hac vice*
> Boston Law Group, PC
> 825 Beacon Street, Suite 20
> Newton, MA 02459
>  (617) 928-1804
> vgurvits@bostonlawgroup.com

/s/Jennifer E. Rinden
Connie Alt          AT0000497
Jennifer E. Rinden  AT0006606
    for
SHUTTLEWORTH & INGERSOLL, P.C.
500 US Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
PHONE:   (319) 365-9461
FAX:     (319) 365-8564
jer@shuttleworthlaw.com

ECF CERTIFICATE OF SERVICE

I, Evan Fray-Witzer, hereby certify that on April 16, 2012, a copy of the above document was served on Chad Bellville, attorney for the plaintiff, through the Court's ECF system in accordance with FRCP 5.

/s/ Evan Fray-Witzer